Opinion filed July 20, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed July 20, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00068-CR 

                                                    __________

 

                                   PABLO LEBARIO, JR., Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR29501

 



 

                                                                   O
P I N I O N

 

The jury convicted Pablo Lebario, Jr. of the
offense of aggravated assault and made an affirmative deadly weapon
finding.  The trial court assessed
punishment at confinement for eighteen years. 
We affirm.  

                                                                         Issues

Appellant presents three issues for review.  In the first, he argues that the evidence is
legally and factually insufficient to establish that his fist was a deadly
weapon.  In the second, appellant
contends that the evidence is legally and factually insufficient to overcome
his self-defense theory.  Appellant
argues in his third issue that the trial court erred in admitting evidence of
appellant=s parole
status.  

 








                                                    Sufficiency
Standards of Review

To address appellant=s
challenges to the legal sufficiency of the evidence, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting guilt is so weak
that the verdict is clearly wrong and manifestly unjust or whether the evidence
contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met.  Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004); Ross v. State, 133
S.W.3d 618 (Tex. Crim. App. 2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002); Cain v. State, 958 S.W.2d 404 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996).

                                  Does
the Evidence Support a Deadly Weapon Finding?

The jury found that appellant used his fist as a
deadly weapon during the commission of the offense.  For evidence to be sufficient to sustain a
deadly weapon finding, the evidence must demonstrate that a deadly weapon, as
defined by Tex. Pen. Code Ann. ' 1.07(a)(17) (Vernon Supp. 2005), was
used or exhibited during the commission of the offense or the flight
therefrom.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 3g(a)(2) (Vernon Supp. 2005); see
also Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App.
2005).  Section 1.07(a)(17) defines
deadly weapon as either: A(A)
a firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury@
or A(B) anything that in the manner of its
use or intended use is capable of causing death or serious bodily injury.@ 
It has been determined that a fist may be a deadly weapon based upon the
manner of its use.  See Turner
v. State, 664 S.W.2d 86 (Tex. Crim. App. 1983); Brooks v. State, 900
S.W.2d 468, 472-73 (Tex. App.CTexarkana
1995, no pet.).  








The evidence in this case shows that appellant and
some friends went out to Bennigan=s
for drinks and then to a bar called Hot Shots. 
While in the parking lot after Hot Shots closed, appellant punched the
victim, Jesse Herrera, in the temple area on the left side of his head.  The victim immediately fell to the ground,
unconscious.  When the victim fell to the
ground, he hit his head on the pavement. 
Bystanders attempted to help, but they were unable to revive the victim,
who had quit breathing and had no pulse. 
The victim was dead when paramedics arrived shortly thereafter.  The resuscitation efforts of the medical
personnel were futile.

Appellant testified and admitted that he Athrew a punch@
at the deceased but that he did so in self-defense.  Appellant also testified that he did not
intend to kill the victim and that he did not use a deadly weapon.

The medical examiner testified that the victim=s death resulted from a subarachnoid
hemorrhage that was caused by a blunt force injury to the side of the
head.  According to the medical examiner,
a blow to the side of the head, if forceful enough, can cause the head to
rotate and tear or shear vessels and, thus, cause the type of hemorrhage that
killed the victim in this case.  Tests
revealed that the victim had ingested cocaine and alcohol.  The medical examiner agreed that the victim
hitting his head on the pavement when he fell or previously ingesting cocaine
and alcohol could have contributed to the victim=s
injury.  However, the medical examiner
explicitly determined the cause of death to be the blow to the side of the
victim=s
head.  Moreover, the victim would not
have fallen to the ground and struck the pavement if he had not been punched by
appellant.  

After reviewing all the evidence, we hold that the
evidence was both legally and factually sufficient to show that appellant=s fist was used during the commission of
the offense and that, in the manner of its use, appellant=s fist was capable of causing death or
serious bodily injury.  Not only did the
evidence show that appellant=s
fist was capable of causing death or serious bodily injury but also that it
did, in fact, cause the victim=s
death.  The evidence showed that
appellant used his fist to punch the victim and that the victim actually died
as a result of the blow from appellant=s
fist.  Accordingly, we uphold the deadly
weapon finding and overrule appellant=s
first issue.  

                       Is
the Evidence Sufficient Despite Appellant=s
Claim of Self-Defense?

1. 
Standard of Review








When self-defense is an issue and the legal
sufficiency of the evidence is challenged, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt and also could have found against appellant on the defense
issue beyond a reasonable doubt.  Saxton
v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991); see Tex. Pen. Code Ann. ' 2.03 (Vernon 2003); Jackson v.
Virginia, 443 U.S. 307; Zuliani v. State, 97 S.W.3d 589, 594 (Tex.
Crim. App. 2003).  With respect to a
defense, the defendant bears the burden of production, requiring the production
of some evidence that supports the particular defense.  The State then bears the burden of
persuasion, rather than production, to disprove that defense.  This standard requires only that the State
prove its case beyond a reasonable doubt. 
Zuliani, 97 S.W.3d at 594; Saxton, 804 S.W.2d at
913-14.  

In order to address a challenge to the factual
sufficiency of the evidence with respect to the rejection of a defense, we must
review all of the evidence in a neutral light and determine whether the State=s evidence taken alone is too weak to
support the finding and whether the proof of guilt, although adequate if taken
alone, is against the great weight and preponderance of the evidence.  Zuliani, 97 S.W.3d at 595.  

2. 
Evidence

The record shows that the issue of self-defense
was disputed.  Appellant testified that
he had no quarrel with the victim and that he was walking up to a group of
people in the parking lot to ask his friends if they were going to ride with
him.  According to appellant, as he
walked up to the victim, the victim suddenly threw a punch at appellant.  Appellant, in self-defense, ducked and swung
at the victim.

Other witnesses testified that Phillip Rosales had
an argument with somebody as the bar was closing.  Afterward, Rosales came up to the window of
the car as appellant was leaving and said something to appellant.  Appellant exited the car and walked straight
up to the victim and just punched him in the side of the head with a Aroundhouse@
type of punch and then left.  According
to one witness, appellant took a running start before hitting the victim.  The eyewitnesses testified that there was no
argument or discussion between appellant and the victim prior to the
punch.  The victim was standing around
socializing with others when appellant walked up.  Two of the victim=s
friends testified that the victim never even knew what hit him.  The victim was not facing the direction from
which appellant came and was wearing a hat with the brim bent down pretty
low.  As appellant drove away, he pointed
his finger and said, AThat
motherf----r knows why I did that.@








We hold that a rational jury could have found
beyond a reasonable doubt that appellant committed the offense and also could
have found against appellant on the self-defense issue beyond a reasonable
doubt.  Furthermore, the evidence
supporting guilt is neither so weak nor so outweighed by the great weight and
preponderance of the evidence as to be manifestly unjust.  Appellant=s
second issue is overruled.  

                         Was
the Admission of Appellant=s
Parole Status Reversible Error?

In its brief, the State concedes that the
admission of evidence relating to appellant being on parole at the time of the
offense was erroneous.  The State argues,
however, that the error is not reversible error under Tex. R. App. P. 44.2(b). 
Rule 44.2(b) provides that nonconstitutional errors that do not affect
substantial rights must be disregarded.  A substantial right is affected when the error
has a substantial and injurious effect or influence in determining the jury=s verdict.  Haley v. State, 173 S.W.3d 510, 518-19
(Tex. Crim. App. 2005).  In assessing the
likelihood that the jury=s
decision was adversely affected by the error, an appellate court should
consider everything in the record, including any testimony or physical evidence
admitted for the jury=s
consideration, the nature of the evidence supporting the verdict, the character
of the error, the connection of the error with other evidence in the case, the
jury charge, the State=s
theory, the defensive theories, closing arguments, and voir dire.  Id. 
The reviewing court may also consider whether the State emphasized the
error.  Id.

The record shows that the following exchange occurred
during the State=s
cross-examination of appellant:

Q:  Okay. 
Now, in -- so you were still on parole when this thing happened? 

A:  In 2003? 
That would be correct, sir. 

Q:  Okay. 
And one of those conditions of your parole was you were to --

[DEFENSE COUNSEL]:  Objection, Your Honor.  Could we approach the bench?

THE COURT:  Yes, sir.

(Counsel at bench.)

[DEFENSE COUNSEL]: 
Your Honor, if [appellant] violated a condition of parole, that is not
relevant to anything, that only poisons this jury.  It shows he has a propensity to be a
criminal.  And that=s exactly what Rule 404(B) [Tex. R. Evid. 404(b)] prohibits.  That=s
all he=s doing
is trying to smear [appellant], that he=s
a bad person. This is not relevant to anything. 
The fact he had a condition of a parole he wasn=t
supposed to drink, that makes him look like a bad person.  That=s
not relevant to anything.  He already
admitted he had been drinking.  

 








[PROSECUTOR]:  It is very relevant to show that he was
busting his parole by being in this beer joint. 


[DEFENSE COUNSEL]:  That is relevant to nothing.  Absolutely nothing.  I do -- I strenuously object to this.  

THE COURT:  I overrule the objection.

(Counsel return to seats.)

Q: (BY [PROSECUTOR])  Well, in spite of that, you elected to go to
these beer joints; is that correct -- I don=t
get [sic] guess we can call Bennigan=s
a beer joint because they serve food, too, but they serve alcohol, correct?

. . . .

Q:  Bennigan=s
is okay.  But Hot Shots is a beer joint,
would you agree?

A:  I agree. 


We hold that trial court=s
error is not reversible.  Even though the
trial court overruled appellant=s
objection, the State did not introduce evidence about the conditions of
appellant=s parole
or his violation of those conditions. 
The evidence merely informed the jury that appellant was on parole B which evidence was introduced without
objection B and that
appellant went to a Abeer
joint.@  The jury heard no evidence regarding
appellant=s
violation of his parole and, thus, no evidence of a crime, wrong, or bad act in
violation of Rule 404(b).  Consequently,
we hold that any error committed by the trial court in overruling appellant=s objection did not affect appellant=s substantial rights and was harmless
under Rule 44.2(b).  Appellant=s third issue is overruled.

The judgment of the trial court is affirmed.  

RICK STRANGE

JUSTICE

July 20, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.